**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MANDY KELLEY**<br>*Plaintiff,*<br><br>v.<br><br>**FCI LENDER SERVICES INC.,<br>HAYMARKET INSURANCE<br>COMPANY**<br>*Defendant(s).* | §§§§§§§§§§§§§§§ | **CIVIL ACTION:**<br>___3:22-cv-374___ |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants FCI LENDER SERVICES INC. ("FCI") and HAYMARKET INSURANCE COMPANY ("HAYMARKET") (Collective "Defendants"), remove this action from the 56TH Judicial District Court, GALVESTON County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.   STATE COURT ACTION

1. On 10/03/2022 Plaintiff MANDY KELLEY (hereinafter "Plaintiff" or "KELLEY") filed its live petition (hereinafter "the Petition") in the 56th Judicial District Court of GALVESTON County, Texas styled *MANDY KELLEY vs. FCI LENDER SERVICES INC., HAYMARKET INSURANCE COMPANY* and bearing Cause No. 22-CV-1925.

2. In the State Court Action, Plaintiff seeks declaratory, injunctive and other relief seeking to prevent its eviction from the real property located at 2518 WAGTAIL WAY LANE, LEAGUE CITY, TX 77573 (the "Property").

3. This lawsuit was filed in the 56TH District Court of GALVEESTON County, Texas on 10/03/2022. Court records reflect Defendant(s) FCI LENDER SERVICES INC. ("FCI") and HAYMARKET INSURANCE COMPANY ("HAYMARKET") have not yet been served.

## II.     PROCEDURAL REQUIREMENTS

4. Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5. Defendant(s) FCI LENDER SERVICES INC. ("FCI") and HAYMARKET INSURANCE COMPANY ("HAYMARKET") remove the State Court Action to this Court on the basis of diversity jurisdiction.

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

7. The United States District Court for the Southern District of Texas, GALVESTON Division has original jurisdiction over this action based on diversity jurisdiction because Defendant(s) are now, and were at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. See 28 U.S.C. §§ 1331 and 1332(a).

8. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---------|----------|
| A | Civil Cover Sheet; |

| | |
|---|---|
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in State Court and Register of Actions for Case No. 22-CV-1925; |
| D | GALVESTON County Central Appraisal District Residential Account Detail Report for the Subject Property. |

9. Simultaneously with the filing of this Notice of Removal, Defendants FCI LENDER SERVICES INC. and HAYMARKET INSURANCE COMPANY are filing a copy of the Notice of Removal in the 56^(TH) Judicial District Court, GALVESTON County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

A. **COMPLETE DIVERSITY EXISTS**

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. Upon information and belief, Plaintiff MANDY KELLEY is a resident of, and domiciled and in, the State of Texas - residing at: 2982 Holbrook Valley Lane, LEAGUE CITY, TX 77573 (the "Property").[1]

13. Defendant FCI LENDER SERVICES, INC. is a California Corporation with its principal place of business located at: 8180 E. Kaiser Blvd., Anaheim Hills, CA  92808.

---

[1]   Pl's. Pet. ¶ UNSWORN DECLARATION OF MANDY KELLEY

14.     Defendant HAYMARKET INSURANCE COMPANY is a Nebraska Corporation with its principal place of business located at: 222 S 15TH ST, SUITE 1202 S, OMAHA, NE 68102.

15.     Because Plaintiff is a citizen of Texas and all Defendants are not citizens of Texas, complete diversity exists between the parties.[2]

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

16.     Plaintiff seeks from the court a finding that the attempted foreclosure sale of the Property was wrongful, declaratory relief that the power of sale in the deed of trust is invalid, as well as injunctive relief.[3] "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation."[4] The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.[5] Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[6] In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[7] Therefore, the amount in controversy with respect to Plaintiff's claims is the fair market value of the property.

---

[2] 28 U.S.C. § 1332(c)(1).
[3] Pl's Pet. ⁋ PRAYER.
[4] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[5] *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257 n.1 (5th Cir. 1996).
[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).
[7] *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.,* 296 F.2d 545, 547–48 (5th Cir. 1961)).

17. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[8]

18. Given that Plaintiff seeks declaratory relief to void the foreclosure sale of the Property, the entire value of the Property is squarely at issue.[9] According to the GALVESTON County Appraisal District, the current fair market value of the Property is $546,870.00[10]

19. Additionally, Plaintiff seeks actual damages, economic damages, punitive damages and exemplary damages.[11] Although Defendants will vehemently deny that Plaintiff is entitled to any declaratory relief, or damages, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   CONCLUSION

WHEREFORE, Defendants FCI LENDER SERVICES INC. and HAYMARKET INSURANCE COMPANY remove this action from the 56th Judicial District Court of

---

[8] *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

[9] *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-548.

[10] Exhibit D.

[11] Pl's Pet. ¶ Prayer.

GALVESTON County, Texas to the United States District Court for the Southern District of Texas, GALVESTON Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

  /s/ Travis H. Gray
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT(S) FCI LENDER SERVICES INC. ("FCI") AND HAYMARKET INSURANCE COMPANY ("HAYMARKET")*

## **CERTIFICATE OF SERVICE**

       This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on October 13, 2022 to:

Greg B. Enos
SBN: 06630450
**The Enos Law Firm, P.C.**
17207 Feather Craft Lane
Webster, TX 77598
P:281.333.3030
E: enos.service@enoslaw.com
*Counsel for Plaintiff Mandy Kelley*

                                                                  */s/ Travis H. Gray*
                                                                  Travis H. Gray